UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EVELYN CASTILLO                                        CV

                          Plaintiff,
        -against-                                      **COMPLAINT**

TIFFANY REALTY CO. LLC AND BILLY BOY                   **JURY TRIAL REQUESTED**
FOOD CORP.

                          Defendants.
----------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Evelyn Castillo (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Tiffany Realty Co. LLC and Billy Boy Food Corp. (together referred to as "Defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1.      Defendants relegate the disabled to the status of a second class. citizen.  Non-disabled persons can independently enter and exit the Defendant's supermarket.  But the Defendants purposefully block the disabled from independent access because they have metal fencing surrounding the supermarket's exterior and one locked gate.  Disabled persons must ring a buzzer and then wait outside in any kind of weather for some employee to take pity on them and come out and unlock the gate.  The same demeaning scenario occurs on the way out as the disabled must wait until some available employee comes outside with the key to open the lock again to let them out.

2.      Plaintiff therefore brings this action to oppose the Defendants' ongoing and inexcusable disability discrimination.  Plaintiff seeks declaratory, injunctive, and

1

equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; Section 504 of the Rehabilitation Act ("Section 504") 29 U.S.C. § 794, *et. seq.*; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code'").  As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws.  Plaintiff also alleges a claim for Negligence and seeks damages for bodily injury proximately caused by the Defendants' Negligence.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, 29 U.S.C. § 794, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and

Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff Evelyn Castillo has been and remains currently a resident of the Williamsburg section of Brooklyn, New York.

6.      At all times relevant to this action, Plaintiff Evelyn Castillo has been and remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Tiffany Realty Co. LLC owns the property located at 130 Havemeyer Street in Kings County, New York (hereinafter referred to as "130 Havemeyer Street").

8.       At all relevant times, defendant Billy Boy Food Corp. leases property located at 130 Havemeyer Street from the defendant Tiffany Realty Co. LLC.

9.      At all relevant times, defendant Billy Boy Food Corp. has and continues to operate a supermarket at 130 Havemeyer Street (hereinafter referred to as the "C-Town Supermarket" premises).

10.     Plaintiff lives just a few blocks away from the C-Town Supermarket and has personally experienced architectural barriers.

11.     Each defendant is licensed to and does business in New York State.

12.     Upon information and belief, Tiffany Realty Co. LLC and Billy Boy Food Corp. have a written lease agreement.

13.     Upon information and belief, Defendants are related companies under common control.

14.     In or around 2020, Defendants received loans from the Small Business Administration (SBA) through the congressionally created "Paycheck Protection Program," also known as a "PPP loan."

15.     In May 2020, Billy Boy Food Corp. received $106,300 from the PPP loan.

16.     Upon information and belief, these aforementioned loans have not yet been paid back in full.

17.     Page 4 of the SBA application to receive a PPP loan states that "All businesses receiving SBA financial assistance must agree not to discriminate in any business practice … on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations." And "the purpose of this part is to reflect to the fullest extent possible the nondiscrimination policies of the Federal Government as expressed in the several statutes … dealing with civil rights and equality of opportunity." 13 C.F.R. § 113.1.

18.      SBA regulations prohibit loan recipients from discriminating "with regard to goods, services, or accommodations offered or provided by the aided business or other enterprise, whether or not operated for profit, because of race, color, religion, sex, handicap, or national origin of a person, or fail or refuse to accept a person on a nonsegregated basis as a patient, student, visitor, guest, customer, passenger, or patron." 13 CFR § 113.3(a).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the C-Town Supermarket

premises located at 130 Havemeyer Street, within the meaning of the ADA (42 U.S.C. §

12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the

NYCHRL (Administrative Code § 8-102(9)).

20.     The C-Town Supermarket premises is a place of public accommodation

within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the

NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-

102(9)) as it is a facility operated by a private entity and its operations affect commerce.

21.     Numerous architectural barriers exist at the C-Town Supermarket

premises that prevent and/or restrict access to Plaintiff, a person with a disability, which

include, but are not limited to, architectural barriers at the paths of travel.

22.     Upon information and belief, 130 Havemeyer Street was designed and

constructed for first possession after January 26, 1993.

23.     Upon information and belief, in or around 2006, alterations were made to

130 Havemeyer Street, including areas adjacent and/or attached to 130 Havemeyer Street.

24.     Upon information and belief, in or around 2006, alterations were made to

the C-Town Supermarket premises, and to areas of 130 Havemeyer Street related to the

C-Town Supermarket premises inclusive of an interior renovation of the supermarket as

well as a modification to the storefront.

25.     Within the past three years of filing this action, Plaintiff visited and

attempted to and desired to access the C-Town Supermarket premises.

26.     The services, features, elements and spaces of the C-Town Supermarket

premises are not readily accessible to, or usable by Plaintiff as required by the Americans

with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and

adopted by the United States Department of Justice in 1991 as the Standards for

Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA")

or the revised final regulations implementing Title III of the ADA adopted by the United

States Department of Justice in 2010 as the 2010 Standards for Accessible Design

(hereinafter referred to as the "2010 Standards" or the "2010 ADA").

27.     Because of Defendants' failure to comply with the above-mentioned laws,

including but not limited to the 1991 Standards or the 2010 Standards and the

Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and

complete access to all of the areas of the C-Town Supermarket premises that are open

and available to the public.

28.     Defendants' place of public accommodation has not been designed,

constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or

the Building Code of the City of New York ("BCCNY").

29.     Barriers to access that Plaintiff experienced, encountered and/or which

deter Plaintiff from patronizing the C-Town Supermarket premises as well as

architectural barriers that exist include, but are not limited to, the following:

I.   Defendants do not provide an accessible public entrance.  See 28 C.F.R. §
     36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010
     Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1,
     1103.1.

II.  The primary entrance to defendants' public accommodation is not accessible.  See
     Administrative Code §§ 27-292.5(a) and 27-357(d).

III. Defendants fail to provide an accessible route to the primary entrance from the
     sidewalk and/or street.  See Administrative Code § 27-292.5(b).

IV.  Defendants do not provide an accessible route from public transportation stops,
     accessible parking, public streets or sidewalks to the building entrance that

coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

V.   At the inaccessible public entrance, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VI.   Defendants have an inaccessible public entrance and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VII.   Defendants fail to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes.  See 1991 Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

VIII.   Defendants fail to provide that at least 50% and/or 60% of all its public entrances are accessible.  See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

IX.   Defendants fail to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to non-disabled.  See Administrative Code § 27-292.5(b).

X.   Defendants fail to provide at least two accessible door openings leading to two independent and accessible exits from the public accommodation.  See Administrative Code §§ 27-365 and 27-366.

XI.   The property owner defendant failed to provide an accessible entrance to the tenant defendant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

XII.   Defendants fail to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door(s).  See 1991 Standards §§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

XIII.   Defendants do not provide an accessible public entrance as the designated accessible entrance is locked and/or obstructed.  See 28 C.F.R. § 36.304(c); 1991

Standards §§ 4.3.2, 4.1.1(1); 4.1.3(8), 4.14; 2010 Standards § 404.1; BCCNY § 1105.1(3); and Administrative Code § 27-371(j).

XIV.    Defendants fail to provide an accessible public entrance as the entrance from to the sidewalk is blocked by security bollards and a locked gate thereby forcing plaintiff to enter the property in an unsafe and humiliating manner.  See 1991 Standards §§ 7.4, 4.1.2; 2010 Standards §§ 206.8, 207.1; and BCCNY § 1104.6.

XV.    Defendants fail to provide an accessible egress from the public entrance as the egress to the sidewalk is blocked by security bollards and/or theft protection barrier devices thereby forcing plaintiff to egress the property in an unsafe and humiliating manner.  See 1991 Standards § 7.4, 4.1.2; 2010 Standards §§ 206.8, 207.1; and BCCNY § 1104.6.

XVI.    Defendants fail to provide that no protruding objects exist inside the minimum required clear floor space width of the interior's accessible route.  See 1991 Standards §§ 4.2, 4.4.1, 4.3.3, 4.1.3; and 2010 Standards §§ 204, 307.1, 307.5, 403.5.1.

XVII.    Defendants fail to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.1.

XVIII.    Defendants fail to provide the minimum required maneuvering clearance width at the end of every obstruction or aisle from which to make a turn around the obstruction or aisle.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.2.

XIX.    Defendants fail to provide the minimum required maneuvering clearance inside the public accommodation from which to make a 180-degree turn.  See 1991 Standards § 4.2.3; and 2010 Standards §§ 304.3.1, 304.3.2.

XX.    Defendants' interior route is less than 60 inches in width and fails to provide a 60-inch by 60 inch passing area every 200 feet.  See 1991 Standards §§ 4.3.4, 4.2.3; and 2010 Standards § 403.5.3.

XXI.    Defendants fail to provide that at least one of each type of sales and/or service counter is accessible and dispersed throughout its premises.  See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XXII.    Defendants fail to provide that at least one of each type of function counter is accessible and dispersed throughout its premises.  See 1991 Standards §§ 7.2, 7.3(1); 2010 Standards §§ 227.3, 904; and BCCNY §§ 1109.12, 1109.12.3.

XXIII.    Defendants fail to provide a portion of the sales and/or service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a

transaction in a manner similar to non-disabled customers.  See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XXIV.    Defendants fail to provide the minimum required maneuvering clearances of level and clear space for an accessible path of travel to and from the sales and/or service counters.  See 1991 Standards §§ 4.3, 4.2, 4.2.4, 4.32.2, 5.3; and 2010 Standards §§ 305, 305.3, 305.5, 305.6, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XXV.    Defendants fail to provide sufficient clear space of 30 inches by 48 inches in front of the sales and/or service counter from which to conduct the transaction.  See 1991 Standards § 4.2.4.1, 7.1, 7.2; and 2010 Standards §§ 305, 904.4.

XXVI.    Defendants fail to provide an accessible route to approach the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction.  See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XXVII.    Defendants fail to provide an accessible route to exit the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction.  See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XXVIII.    Defendants fail to provide that the sales and/or service counters have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

XXIX.    Defendants fail to provide the minimum clear width for the waiting lines for purchase.  See 1991 Standards §§ 7.3(2), 4.2.1; 2010 Standards §§ 227.5, 403; and BCCNY § 11091.5.

XXX.    Defendants fail to provide the minimum number of accessible and open check out aisles.  See 1991 Standards § 7.3(1); 2010 Standards §§ 227.2, 904.3; and BCCNY § 1109.12.2.

XXXI.    Defendants fail to provide the minimum clear width for the check-out aisles.  See 1991 Standards §§ 7.3(2); 4.2.1; 2010 Standards §§ 227.5, 403; and BCCNY § 110912.5.

XXXII.    Defendants fail to provide a check-out counter surface that is no greater than 38 inches above the finished floor and a dividing lip that is no greater than 2 inches above the counter surface.  See 1991 Standards § 7.3(2); and 2010 Standards § 904.3.2.

XXXIII.    Defendants fail to display an International Symbol of Accessibility sign next to the aisle number sign that is mounted above the designated accessible check out

aisle counter.  See 1991 Standards §§ 7.3(3), 4.30, 4.30.7; and 2010 Standards §§ 216.11, 703.7.2.1, 904.3.

XXXIV.  Defendants fail to provide that the running slope of the ramp/walkway to the entrance door is no greater than the maximum permissible slope.  See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

XXXV.  Defendants fail to provide that the cross slope of the ramp/walkway to the entrance door is no greater than the maximum permissible slope of 2%.  See 1991 Standards § 4.8.6; and 2010 Standards § 405.3.

XXXVI.  Defendants have not used the least steep possible slope for the ramp/walkway. See 1991 Standards § 4.8.2; and 2010 Standards § 405.

XXXVII.  Defendants' exit/entrance has two doors in a series that lack 48 inches of clear floor space between them when opened.  See 1991 Standards § 4.13.7; and 2010 Standards § 404.2.6.

XXXVIII.  Defendants' exit/entrance has two doors in a series and the two doors do not swing in same direction or away from space between them.  See 1991 Standards § 4.13.7; and 2010 Standards § 404.2.6.

XXXIX.  The threshold for defendants' exit/entrance door is more than one-half inch.  See 1991 Standards §§ 4.l.3(7), and 4.13.8; and 2010 Standards §§ 403.4, 303.

30.  The remediation necessary to provide an ADA compliant wheelchair accessible entrance are known, architecturally possible, and financially achievable for the defendants.  Possible remediation includes the removal of the bollards and gates at the entry.

31.  Upon information and belief, a full inspection of the C-Town Supermarket premises will reveal the existence of other barriers to access.

32.  As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the C-Town Supermarket premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that

Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

33.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

34.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

35.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the C-Town Supermarket premises continue to exist and deter Plaintiff.

36.     Plaintiff frequently travels to the area where the C-Town Supermarket premises is located.

37.     Plaintiff intends to patronize the C-Town Supermarket premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

38.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the C-Town Supermarket premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

39.     Plaintiff intends to patronize the C-Town Supermarket premises several times a year as "tester" to monitor, ensure, and determine whether the C-Town

Supermarket premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

40.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

41.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

42.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

43.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

44.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

45.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

46.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

12

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

47.     The C-Town Supermarket premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

48.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

49.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

50.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

51.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

52.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

53. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

54. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE SECTION 504 OF THE REHABILITATION ACT)

55. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

56. Plaintiff is an individual with a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(20).

57. Section 504 of the Rehabilitation Act of 1973 (hereinafter also referred to as "Section 504"), 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ..

58. Defendants have received federal financial assistance at all relevant times including, but not limited to, the PPP loan(s).

59. Through the acts and omissions alleged herein, Defendants have, solely because of Plaintiff's disabilities, excluded Plaintiff from participation in Defendants' programs and activities and denied Plaintiff the benefits of Defendants' programs and

activities, and subjected Plaintiff to discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated thereunder.

60.     "Any person aggrieved by any act or failure to act by any recipient of Federal Assistance . . . under section 794" is entitled to the "remedies, procedures, and rights" not only in "title VI of the Civil Rights Act of 1964," but also in "subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e–5)." 29 U.S.C. § 794a(a)(2) (emphasis added).

61.     42 U.S.C. § 2000e-5(e)(3), in turn, authorizes certain relief "[i]n addition to any relief authorized by section 1981a," and 42 U.S.C. § 1981a(b)(3) expressly permits compensatory damages for "emotional pain" and "mental anguish."

62.     Plaintiff is also entitled to other forms of compensatory damages beyond emotional-distress damages because Defendants are subject to remedies traditionally available in suits for breach of contract.

63.     Accordingly, Plaintiff had an expectation interest in receiving equal enjoyment and opportunity of the Defendants' public accommodation as nondisabled patrons.

64.     Defendants denied Plaintiff these expectation interests. Accordingly, Plaintiff should be entitled to compensatory damages under expectation interest.

65.     Plaintiff has also suffered stigmatic injury and dignitary harm as a result of Defendants' discriminatory conduct.

66.     Plaintiff had an expectation interest of a discrimination free interaction with the Defendants at the C-Town Supermarket premises.  But Defendants

discrimination breached Plaintiff's expectation thereby causing Plaintiff to suffer damages based on impairment to expectation interest.

67.     Defendants' acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder and have resulted in injury to Plaintiff.

68.     Defendants have and continue to commit discrimination during the time when the PPP is or was outstanding.

69.     Defendants acted with deliberate indifference to Plaintiff's rights guaranteed under Section 504.

70.     Defendants have had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

71.     As a proximate result of Defendants' violations of Section 504, Plaintiff has been injured and continues to be injured, as set forth herein in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

72.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

73.     Plaintiff has from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

16

74.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

75.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

76.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

77.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

78.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

79.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

80.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

81.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

82.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

83.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

84.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

85.     Plaintiff has from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

86.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

18

87.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

88.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

89.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

90.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

91.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

92.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Tiffany Realty Co. LLC continuously controlled, managed, and

operated the public sidewalk abutting 130 Havemeyer Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

93.     Tiffany Realty Co. LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

94.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

95.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

96.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

97.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

98.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

99.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

100.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

101.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

102.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

103.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

104.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

105.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

106.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

107.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**SIXTH CAUSE OF ACTION**
**(COMMON LAW NEGLIGENCE)**

108.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

109.    Defendants negligently designed, constructed, operated, repaired, and maintained their place of public accommodation located at 130 Havemeyer Street in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

110.     At all relevant times, Defendants, who hold their property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 130 Havemeyer Street in a reasonably safe condition.

111.    Defendants breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation located at 130

22

Havemeyer Street in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

112.    Defendants' failure to design, construct, operate, repair, and maintain their place of public accommodation located at 130 Havemeyer Street in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

113.    Defendants have had actual and constructive notice that their place of public accommodation located at 130 Havemeyer Street is not safe to the disabled.

114.    As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

## INJUNCTIVE RELIEF

115.    Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

116.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

117.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of Section 504 of the Rehabilitation Act, NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

24

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, the ADA and Section 504 of the Rehabilitation Act; and;

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 2, 2023
     New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:____/s_____
     Glen H. Parker, Esq.
     Attorneys for Plaintiff
     40 Worth Street, Suite 602
     New York, New York 10013
     Telephone: (212) 248-7400 ex. 15
     Facsimile: (212) 248-5600
     Email: ghp@parkerhanski.com